1  James H. Hanson
   jhanson@scopelitis.com
2  Andrew J. Butcher
   abutcher@scopelitis.com
3  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
   10 West Market Street, Suite 1500
4  Indianapolis, IN  46204
   Telephone:  (317) 637-1777
5  Telefax:    (317) 687-2414

6  Attorneys for Defendant,
   Trimac Transportation Services (Western), Inc.
7
8  Additional Counsel on Attached Page

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11 GERALD AMADOR AND                )  Case No. CV10-4112-GHK(JCx)
   SALVADOR CARILLO, on behalf of   )
12 himself and all others similarly situated,  )  Consolidated with:
                                    )  Case No. CV10-4280-GHK(JCx)
13              Plaintiffs,          )
                                    )  Assigned to the Honorable George
14         vs.                       )  H. King
                                    )  Courtroom 2
15 LOGISTICS EXPRESS, INC.,          )
   TRIMAC TRANSPORTATION            )  **PROTECTIVE ORDER**
16 SERVICES (WESTERN), INC.         )
   and DOES 1 through 100, inclusive, )  [CHANGES MADE BY COURT
17                                   )  TO PARAGRAPHS 3, 5.2b AND
                Defendants.          )  6.3]
18                                   )
                                    )
19 _____  )
                                    )
20 MIGUEL LARA, on behalf of himself )
   and all others similarly situated, )
21                                   )
                Plaintiff,            )
22                                   )
           vs.                        )
23                                   )
   TRIMAC TRANSPORTATION            )
24 SERVICES (WESTERN) INC., a        )
   Delaware Corporation, and DOES 1  )
25 through 100, inclusive,            )
                                    )
26              Defendants.          )
   _____
27
28

Kathleen C. Jeffries (SBN 110362)
kjeffries@scopelitis.com
Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
Telephone:  (626) 795-4700
Telefax:     (626) 795-4790

Attorneys for Defendant,
Trimac Transportation Services (Western), Inc.


Melissa M. Harnett (State Bar No. 164309)
mharnett@wcclaw.com
Gregory Scarlett (State Bar No. 131486)
gscarlett@wcclaw.com
Jesse B. Levin (State Bar No. 268047)
jlevin@wcclaw.com
WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 Reseda Boulevard, Suite 330
Tarzana, California 91357-7033
Telephone:  (818) 705-6800 / (310) 872-0995
Facsimile:  (818) 345-0162

Attorneys for Plaintiffs GERALD AMADOR and SALVADOR CARILLO

R. Duane Westrup (State Bar No. 58610)
jveloff@wkalaw.com
Phillip R. Poliner (State Bar No. 156145)
ppoliner@wkalaw.com
Christine C. Choi (State Bar No. 205656)
cchoi@wkalaw.com
WESTRUP KLICK, LLP
444 West Ocean Boulevard, Suite 1614
Long Beach, California  90802
Telephone:  (562) 432-2551
Facsimile:  (562) 435-4856

Attorneys for Plaintiff MIGUEL LARA

**Purposes and Limitations.**  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket

protections on all disclosures or responses to discovery and that protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5.1 sets forth the procedures that must be followed when a party seeks permission from the Court to file materials under seal.

1. **Definitions.**

    2.1   Party:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts and outside counsel (and their support staff).

    2.2   Disclosure or Discovery Material:  All items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3   "Confidential" Information or Items:  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

    2.4   "Highly Confidential–Attorney Eyes Only" Information or Items: Extremely sensitive "Confidential Information or Items" whose disclosure to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

    2.5   Receiving Party:  A party that receives disclosure or discovery material from a producing party.

    2.6   Producing Party:  A party or non-party that produces disclosure or discovery material in this action.

2.7 <u>Designating Party</u>: A party or non-party that designates information or items that it produces or in responses to discovery as "Confidential" or "Highly Confidential – Attorney Eyes Only."

2.8 <u>Protected Material</u>: Any disclosure or discovery material that is designated as "Confidential" or as "Highly Confidential – Attorney Eyes Only."

2.9 <u>Outside Counsel</u>: Attorneys who are not employees of a party but who are retained to represent or advise a party in this action.

2.10 <u>House Counsel</u>: Attorneys who are employees of a party.

2.11 <u>Counsel (without qualifier)</u>: Outside counsel and house counsel (as well as their support staffs).

2.12 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a party or of a competitor of a party and who, at the time of retention, is not anticipated to become an employee of a party or a competitor of a party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

**3. <u>Scope</u>.** The protections conferred by this Order cover not only protected material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by parties or counsel other than in an open court proceeding (as court proceedings are presumptively public) that might reveal protected material. Nothing in order precludes a party or non-party from requesting

that the court presiding over a particular proceeding in open court apply this Protective Order to such particular proceeding or appropriate portions thereof.

**4.** **Duration.** Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs.

**5.** **Designating Protected Material.**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to a specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions. If it comes to the attention of a party or a non-party that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below) or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires the following:

|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

    a.    <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), the producing party should affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the producing party must also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY"). A party or non-party who makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Before producing the specified documents, the producing party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY") on each page that contains protected material. If only a portion of the material on a page qualifies for protection, the producing party must also clearly identify the protected portion (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY").

    b.    <u>For testimony given in deposition</u>, the party or non-party offering or sponsoring the testimony should identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the party or non-party that sponsors, offers or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY"). Only those portions of the testimony that are appropriately designed for protection within the 20 days shall be covered by the provisions of this Order. Transcript pages containing protected material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony. Although testimony given in a pretrial or trial proceeding is presumptively public, nothing in this order precludes the party or non-party offering or sponsoring testimony in such proceeding, from seeking leave of the presiding court to

    afford appropriate protection to "CONFIDENTIAL" or "CONFIDENTIAL– ATTORNEY EYES ONLY" information.

  c. <u>For information produced in some form other than documentary, and for any other tangible items</u>, the producing party should affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."  If only portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."

  5.3 <u>Inadvertent Failures to Designate</u>.  If corrected within 14 days of discovering the failure to designate, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" does not, standing alone, waive the designating party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" after the material was initially produced, the receiving party, on notification of the designation within 14 days of discovering the failure to designate, must make reasonable efforts to assure that the material is treated in accordance with this provisions of this Order.

 **6.** **Challenging Confidentiality Designations.**

  6.1 <u>Timing of Challenges</u>.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>.  A party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the designating party.  Upon

request by the challenging party, the designating party must meet and confer pursuant to this paragraph within five (5) days.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     <u>Judicial Intervention</u>.  Except to the extent inconsistent with Paragraph 6.2 above, a party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating party must proceed pursuant to Civil Local Rules 37-1 through 37-4.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

**7.     <u>Access to and Use of Protected Material</u>**

7.1     <u>Basic Principles</u>.  A receiving party may use protected material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending or attempting to settle this litigation.  Such protected material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a receiving party must comply with the provisions of Section 11 below (Final Disposition).  Protected material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the designating party, a

receiving party may disclose any information or item designated CONFIDENTIAL only to:

    a.    The receiving party's outside counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation.

    b.    The officers, directors and employees (including house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" *(Exhibit A)*.

    c.    Experts (as defined in this Order) of the Receiving party to whom disclosure is reasonably necessary for this litigation an who have signed the "Agreement to be Bound by Protective Order" *(Exhibit A)*.

    d.    The Court and its personnel;

    e.    During their depositions, witnesses in the action to whom disclosure is reasonable necessary and who have signed the "Agreement to be Bound by Protective Order" *(Exhibit A)*. Pages of transcribed deposition testimony or exhibits to depositions that reveal protected material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    f.    The author, addressee, and any recipients of the document or the original source of the information.

    g.    Mediators employed by the parties, subject to the mediators having signed the "Agreement to be Bound by Protective Order" *(Exhibit A)*.

    7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" only to:

    a.    The receiving party's outside counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation*;*

    b.    Experts (as defined in this Order (i) to whom disclosure is reasonably necessary for this litigation and (ii) who have signed the "Agreement to be Bound by Protective Order" *(Exhibit A)*;

    c.    The Court and its personnel; and

        d.      The author, addressee, and any recipients of the document or the original source of the information.

**8. Protected Material Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," the receiving party must so notify the designating party, in writing (by e-mail or fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

**9. Unauthorized Disclosure of Protected Material.** If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as *Exhibit A*.

**10. Filing Protected Material.** Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any protected material. A party that seeks to file under seal any protected material must comply with Civil Local Rule 79-5.1.

**11. Final Disposition.** Unless otherwise ordered or agreed in writing by the producing party, within 60 days after the final termination of this action, each receiving party must return all protected material to the producing party. As used in this subdivision, "all protected material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the protected material. With permission in writing from the designating party, the receiving party must destroy some or all of the protected material instead of returning it. Whether the protected material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that identifies (by category, where appropriate) all the protected material that was returned or destroyed and that affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the protected material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain protected material. Any such archival copies that contain or constitute protected material remain subject to this Order as set forth in Section 4 (Duration) above.

**12. Miscellaneous.**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.


*/s/ Christine C. Choi*
Christine C. Choi
Phillip R. Poliner
R. Duane Westrup
Attorneys for Plaintiff Miguel Lara

Dated: December 2, 2010

*/s/ Jesse B. Levin*
Jesse B. Levin
Gregory Scarlett
Melissa M. Harnett
Attorneys for Plaintiffs Gerald Amador, et al.

Dated: December 2, 2010

*/s/ James H. Hanson*
James H. Hanson
Andrew J. Butcher
Attorneys for Defendant

Dated: December 2, 2010

IT IS SO ORDERED.

/s/
Honorable Jacqueline Chooljian
U.S. MAGISTRATE JUDGE

Dated:   December 9, 2010

# Exhibit A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on _____ in the case of *Amador, et al. vs. Logistics Express, Inc. v. Trimac Transportation Services (Western), Inc.*, Case No. CV10-4112-GHK(JCx) consolidated with *Lara v. Trimac Transportation Services (Western), Inc.*, Case No. CV10-4280-GHK(JCx) agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [name] of _____ [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

_____
Signature

_____
Printed Name

_____
City and state where sworn and signed
Date: _____