*Link to doc. #40*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 10-4112-GHK (JCx)**; CV 10-4280-GHK (JCx) | Date | April 21, 2011 |
|---|---|---|---|
| Title | *Gerald Amador, et al. v. Logistics Express, Inc., et al.* *Miguel Lara v. Trimac Transportation Services (Western) Inc., et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers)** Order re: Defendant Trimac Transportation Services (Western), Inc.'s Motion to Dismiss

This matter is before the Court on Defendant Trimac Transportation Services (Western), Inc.'s ("Trimac") Motion to Dismiss Plaintiff Miguel Lara's ("Plaintiff") Amended Complaint.  We have considered the papers filed in support of and in opposition to this Motion, and deem this matter appropriate for resolution without oral argument.  L.R. 7-15.  As the Parties are familiar with the facts, we will repeat them only as necessary.  Accordingly, we rule as follows.

**I.  Factual Background**

Plaintiff worked as an employee driver for Trimac from June 2007 until August 2007, and again from October 2009 until early July 2010.  He provided delivery services for Trimac as an independent contractor from August 2007 until October 2009.

In 2008, Trimac was sued in California state court in a putative class action - *Branch v. Trimac Transportation Services (Western), Inc.*, BC 393545 - for alleged violations of the California Labor Code and the UCL.  As the *Branch* court's Order granting final approval of the parties' settlement reveals, the settling class in *Branch* includes all employee drivers of Logistics Express, Inc. and Trimac based out of the locations located at 12965 San Doval Street, Santa Fe Springs, California ("Santa Fe Springs location") and 2300 East Pacific Coast Highway, Wilmington, California ("East Pacific Coast Highway location") at any time during the period from July 1, 2004 to December 11, 2009.  The parties' agreement to settle the case was approved by Los Angeles Superior Court Judge Helen Bendix, who entered a final judgment on April 2, 2010.

Plaintiff was a member of the settlement class based on his work as an employee driver at Trimac's Santa Fe Springs location during part of the settlement period.  Pursuant to that settlement, Plaintiff received compensation in the form of payment in the amount of $2,929.28.  In connection with its settlement, the *Branch* class agreed to a release that stated:

*Link to doc. #40*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 10-4112-GHK (JCx)**; CV 10-4280-GHK (JCx) | Date | April 21, 2011 |
|---|---|---|---|
| Title | *Gerald Amador, et al. v. Logistics Express, Inc., et al.* <br> *Miguel Lara v. Trimac Transportation Services (Western) Inc., et al.* | | |

I agree that if approved by the Court, the proposed settlement will be binding on me and the members of the class and will bar me and any Class Member who does not timely opt out of the settlement from bringing any claims against Trimac and Logex, any and all of their parent subsidiary and affiliated entities, any and all California wage and hour and related claims, demands, rights, liabilities, and/or causes of action of any nature and description whatsoever, whether known or unknown, at law or in equity, whether concealed or hidden, whether under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, which were asserted or might have been asserted by the Named Plaintiffs or by any Class Member, arising during the Class Period and arising out of or related in any way to the Action, including, without limitation, federal, state, and/or local statutory, constitutional, contractual or common law claims for wages, damages, costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, equitable relief, or other relief under Cal. Business & Professions Code section 17200, *et seq.*, based on the California Labor Code; the wage orders of the California Industrial Welfare Commission; and Cal. Business & Professions Code section 17200 *et seq.*, including, but not limited to, failure to provide timely, off-duty meal and/or rest breaks; failure to promptly pay all wages due and owing at the time of an employee's termination or discharge; engaging in unlawful/unfair/fraudulent business practices in violation of Cal. Business & Professions Code section 17200; failure to provide accurate itemized wage statements; and any and all penalties pursuant to the Private Attorney General Act ("PAGA") of 2004 arising out of the aforementioned claims.  Released claims also includes any Fair Labor Standards Act ("FLSA") claims, whether known or unknown, arising during the Class Period for any Class Member, based on claims reasonably related to those alleged in the Action.

The Los Angeles Superior Court's settlement specifies in pertinent part that:

All Class Members as of the Effective Date (i.e. March 10, 2010) are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties, as those terms are used in the Settlement Agreement.  In addition, as of the Effective Date, each and every Released Claim of each and every Settlement Class Member shall be deemed to be conclusively released against the Released Parties.

Settlement Approval Order, ¶ 12.

Plaintiff filed a lawsuit against Trimac, and filed an Amended Complaint on January 6, 2011. Plaintiff alleges claims on behalf of the following classes:

a) Independent Contractor Class:  All drivers who were classified as independent contractors by LogEx and/or Trimac, in the State of California at any time from a four-year period prior to the filing of the complaint [the "first class definition"]; and

*Link to doc. #40*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 10-4112-GHK (JCx)**; CV 10-4280-GHK (JCx) | Date | April 21, 2011 |
|---|---|---|---|
| Title | *Gerald Amador, et al. v. Logistics Express, Inc., et al.* | | |
| | *Miguel Lara v. Trimac Transportation Services (Western) Inc., et al.* | | |

(b) Company Driver Class:  All drivers who were employed by LogEx and/or Trimac as company drivers based out of (1) the facilities located at 12965 Sandoval Street, Sante Fe Springs, CA ("Sante Fe Springs Facility"), or 2300 East Pacific Coast Highway, Wilmington, CA ("Wilmington Facility"), after December 11, 2009, [the "second class definition"] and (2) all facilities in the State of California, except the Sante Fe Springs Facility and the Wilmington Facility, at any time from a four-year period prior to the filing of the complaint [the "third class definition"].

Defendant requests that we dismiss this action based on claim preclusion and the terms of the release in the *Branch* action.

### II.  Legal Standard

In ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), we must accept the allegations of fact in the complaint as true and construe them in the light most favorable to the Plaintiffs.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)) (citations omitted).  The pleading standard under Federal Rule of Civil Procedure 8(a) is not satisfied by "'naked assertion[s]' devoid of 'further factual enhancement'" or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557).  Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### III.  The Release

Trimac argues that Plaintiff's claims in this case fall within the broad release of liability agreed to in the *Branch* case.  According to Trimac, the claims could have been asserted against it in the *Branch* action and thus were waived by the terms of the release.  We conclude that Plaintiff is entitled to bring this action because he was not adequately represented in the *Branch* action.

Pursuant to the Ninth Circuit's decision in *Hesse v. Sprint Corp.*, 598 F.3d 581 (9th Cir. 2010), a release that may otherwise be preclusive to a plaintiff's claims will not have that impact if applying the release would deprive some members of due process or the claim is based on a different factual predicate than those underlying the earlier action.  *Id.* at 589.  "Without adequate representation, a court order approving a claim-preclusive class action settlement agreement cannot satisfy due process as to all members of the class."  *Id.*; *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them."); *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 390 (9th

*Link to doc. #40*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 10-4112-GHK (JCx)**; CV 10-4280-GHK (JCx) | Date | April 21, 2011 |
|---|---|---|---|
| Title | *Gerald Amador, et al. v. Logistics Express, Inc., et al.* *Miguel Lara v. Trimac Transportation Services (Western) Inc., et al.* | | |

Cir. 1992) ("[I]f the plaintiff was not adequately represented in the prior action, or there was a denial of due process, then the prior decision has no preclusive effect."). Class representation is inadequate if the named plaintiff fails to prosecute the action vigorously on behalf of the entire class or has an insurmountable conflict of interest with other class members. *Hesse*, 598 F.3d at 598.

Here, like in *Hesse*, we find that the representation was inadequate in both regards. First, there is no indication that the plaintiff in the *Branch* action was an independent contractor or worked at any of the locations not included in the *Branch* class definition. Trimac does not argue that either of those types of employees came up at any point during *Branch* or that the plaintiff in *Branch* shared those characteristics. Although the plaintiff in *Branch* had similar claims, for example failing to provide overtime, they were of a different type – occurring at a different location or directed to a different type of employee. Thus, the plaintiff in *Branch* did not vigorously prosecute the claims that Plaintiff asserts in this case.

Second, because of the differences in the class definitions between those brought by Plaintiff here and those brought by the plaintiff in *Branch*, there is an insurmountable conflict of interest between the two class members. "Conflicts of interest may arise when one group within a larger class possesses a claim that is neither typical of the rest of the class nor shared by the class representative." *Hesse*, 598 F.3d at 589. Because the plaintiff in *Branch* did not share the same claims brought by Plaintiff here, there exists a conflict between the two. The court in *Hesse* articulated the reason for this rule – to avoid instances in which a plaintiff may settle his claims at the expense of a release eliminating other claims he did not possess. *Id.* Such a danger is present here, if the release is read broadly. Here, the *Branch* class was only representing employee drivers during a fixed time period and by waiving claims that could have been brought by a different class of plaintiffs or at different locations, they were waiving claims they did not possess. As *Hesse* correctly notes, there is an incentive for a plaintiff in such circumstances to waive claims that he or she does not possess, either out of a disregard for those claims or as a means to a larger settlement. Thus, we find that there was an insurmountable conflict between the classes in the two actions, and the release cannot foreclose this action.

We reject Trimac's argument that if Plaintiff establishes the threshold question for the independent contractor claim – whether he was misclassified as an independent contractor – he will become identical to the plaintiff in the *Branch* action. The independent contractor class was not included in the *Branch* class at the time and we cannot retroactively expand that class to include independent contractors. Moreover, Trimac's argument is overly-simplistic – Plaintiff is not merely asking to be reclassified as an employee, but rather is asking for compensation he was allegedly entitled to as a misclassified independent contractor. If he satisfies the threshold question, he does not suddenly become an employee. Rather, he would remain an independent contractor, but be entitled to certain unpaid wages and penalties.

In conclusion, we find that Plaintiff is entitled to pursue these claims despite the terms of the release, as he was not adequately represented in that action. Thus, finding the release to have preclusive effect would violate Plaintiff's due process rights. We need not reach the question of whether his claims

*Link to doc. #40*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 10-4112-GHK (JCx)**; CV 10-4280-GHK (JCx) | Date | April 21, 2011 |
|---|---|---|---|
| Title | *Gerald Amador, et al. v. Logistics Express, Inc., et al.* <br> *Miguel Lara v. Trimac Transportation Services (Western) Inc., et al.* | | |

here have the identical factual predicate as the ones in *Branch*, as our holding that the *Branch* plaintiff was an inadequate representative is a sufficient basis for allowing Plaintiff to continue with his claims.

## IV.  Claim Preclusion

Trimac's argument regarding claim preclusion also is without merit.  "[A] final judgment on the merits will preclude further litigation on the same cause of action."  *Pension Trust Fund for Operating Eng'rs v. Triple A Mach. Shop, Inc.*, 942 F.2d 1457, 1460 (9th Cir. 1991).  For the reasons described above, the Motion to Dismiss based on claim preclusion is **DENIED**.

## V.  Conclusion

For the foregoing reasons, Trimac's Motion is hereby **DENIED**.


**IT IS SO ORDERED.**

                                                                          :

Initials of Deputy Clerk       IR for  Bea