1  ROBERT L. ESENSTEN (Bar No. 65728)
    resensten@wccelaw.com
2  JORDAN S. ESENSTEN (Bar No. 264645)
    jesensten@wccelaw.com
3  **WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**
   5567 Reseda Boulevard, Suite 330
4  Post Office Box 7033
   Tarzana, California 91357-7033
5  Telephone: (818) 705-6800 • (323) 872-0995
   Facsimile:  (818) 996-8266
6
   R. DUANE WESTRUP (State Bar No. 58610)
7   jveloff@wkalaw.com
   PHILLIP R. POLINER (State Bar No. 156145)
8   ppoliner@wkalaw.com
   WESTRUP KLICK, LLP
9  444 West Ocean Boulevard, Suite 1614
   Long Beach, California  90802-4524
10 Telephone: (562) 432-2551
   Facsimile: (562) 435-4856
11
   Class Counsel

JS-6

FILED
CLERK, U.S. DISTRICT COURT
JUL - 5 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD AMADOR and SALVADOR CARRILLO, and all others similarly situated,<br><br>                Plaintiffs,<br>     vs.<br><br>LOGISTICS EXPRESS, INC., a California Corporation; TRIMAC TRANSPORTATION SERVICES (WESTERN), INC., a Delaware Corporation; and DOES 1-50, Inclusive,<br><br>                Defendants.<br><br>MIGUEL LARA, on behalf of himself and all others similarly situated,<br><br>                Plaintiffs,<br>     vs.<br><br>TRIMAC TRANSPORTATION SERVICES (WESTERN) inc., a Delaware Corporation, and DOES 1 through 100,<br><br>                Defendants. | CASE NO. CV 10-4112 GHK (JCx)<br>Lead Case<br>Consolidated with CV 10-4280 GHK (JCx)<br><br>Assigned to the Honorable George H. King<br>Courtroom 2<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, DISMISSING ACTION AND JUDGMENT<br><br>Date:   July 1, 2013<br>Time:  9:30 a.m.<br>Crtrm.: 650<br>Judge: Honorable George H. King |

On June 12, 2013, Plaintiffs Gerald Amador, Salvador Carrillo, and Miguel Lara ("Plaintiffs") filed a Motion for Final Approval of Settlement between Plaintiffs and Defendant, Trimac Transportation Services (Western), Inc. ("Trimac"). On July 1, 2013, the Court held a Fairness Hearing for Final Approval of Settlement, pursuant to the Court's February 15, 2013 Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order").

Due and adequate notice having been given to the Settlement Classes, and the Court having considered the Second Amended Stipulation of Settlement ("Settlement Agreement") and all papers filed and proceedings held herein regarding the proposed settlement, and good cause appearing, the Court finds that the Settlement is fair, reasonable, and adequate. The Motion for Final Approval of the Settlement is thus **GRANTED**.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:

1. The capitalized terms used in this Final Judgment and Order shall have the same meaning as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including Plaintiffs and all Settlement Class Members.

3. The Court finds and concludes that the notice given to Settlement Class Members was materially implemented in accordance with the terms of the Settlement Agreement and Paragraph 9 of the Preliminary Approval Order. According to the Settlement Administrator, 442 of the 450 (98.2%) Settlement Class Members received the Notice Packets approved by the Court in the Preliminary Approval Order. The Court therefore finds that the notice program administered and implemented by the Settlement Administrator: (i) constituted the best notice practicable under the circumstances; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the

Settlement, their rights to object to the Settlement and to appear at the Final Settlement Hearing, to submit a challenge to the Settlement Class Members' weeks worked calculation or their deduction figure in the Notice, or to request exclusion from the Settlement, and of Plaintiffs' request for reasonable attorneys' fees and costs; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law. The Court further finds that notice of this Settlement Agreement has been timely given to the appropriate federal and state officials pursuant to 28 U.S.C. § 1715. No class members objected to the Settlement nor objected to the award of reasonable attorneys' fees and costs to Class Counsel, and only three (3) individuals opted out of participating in the Settlement, which represents less than one percent of the Settlement Class Members.

4. The Court hereby approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement. The Court makes this finding based on a weighing of the Plaintiffs' claims and Trimac's defenses with the risk, expense, complexity and likely duration of further litigation. The Court also finds that the Settlement Agreement was arrived at in good faith, without collusion, following extensive arms' length negotiations by counsel for the Parties and constitutes a fair, reasonable and adequate compromise of all of the Released Claims against Trimac and the Released Parties. The Court further finds that the Parties have conducted extensive investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risk that would be presented by the further prosecution of the Action. The Court has reviewed the Total Settlement Amount of $2,710,000 that is being paid as

part of the Settlement and recognizes the significant value to the Settlement Class of that monetary recovery. The Court further finds that the response of the Settlement Classes supports final approval. Accordingly, pursuant to Federal Rule of Civil Procedure 23(e) ("Rule 23"), the Court finds that the terms of the Settlement are fair, reasonable and adequate. The Court also finds that Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action Settlement under Rule 23.

5. The Settlement Classes preliminarily certified on February 15, 2013 are hereby unconditionally certified solely for the purposes of effectuating the Settlement, and defined as follows:

a. All persons who performed truck driving delivery services for Trimac out of its California facilities, resided in California, and were classified by Trimac as independent contractors, at any time between June 1, 2007 and February 15, 2013, the date upon which the Court entered an Order preliminarily approving the Stipulation of Settlement (the "Settlement Class Period") ("Independent Contractor Class").

b. All current and former non-exempt California employees of Trimac who resided in California, whose job responsibilities included truck driving delivery services performed out of Trimac's California facilities at any time during the Settlement Class Period, except those who released their claims as part of a class action settlement covering employees based at the Trimac facility on 12965 Sandoval Street, Santa Fe Springs, CA or the facility on 2300 East Pacific Coast Highway, Wilmington, CA through December 11, 2009, provided, however, that any employee who continued to work in these two facilities after December 11, 2009, shall be considered part of the settlement Class for any such period ("Employee Class").

6. Class Counsel is experienced in class litigation, including litigation of similar claims in other cases, and has fairly and adequately represented the interests of the Settlement Class. The preliminary appointment of Wasserman, Comden, Casselman & Esensten, LLP ("WCCE") and Westrup Klick LLP ("WK") (collectively, "Class Counsel") as Class Counsel is hereby confirmed.

7. The preliminary appointment of Plaintiffs Gerald Amador, Salvador Carrillo and Miguel Lara as Class Representatives is hereby confirmed.

8. The three (3) individuals who validly opted out of the Settlement were Jack Lona, Douglas C. Roberts, and Jason T. Vieth. They shall not be bound by this Final Judgment and Order; nor shall they receive the monetary benefits provided under the Settlement.

9. The Court finds and determines that reasonable attorneys' fees in the amount of $900,000.00 shall be awarded out of the Total Settlement Amount to Class Counsel for all work performed on behalf of the Settlement Classes in accordance with the Settlement Agreement. The $900,000.00 attorneys' fees award is further reasonable in that it amounts to a negative multiplier of approximately half of Class Counsel's lodestar and approximately 33% of the Total Settlement Amount, thereby falling within the range of reasonableness.

10. The Court finds and determines that reasonable litigation costs incurred by Class Counsel, in the amount of $82,910.57, shall be awarded to Class Counsel out of the Total Settlement Amount in accordance with the Settlement Agreement.

11. The Court further finds that the cost of the class settlement administration by Simpluris Inc., in the amount of $12,000, is reasonable and shall be paid out of the Total Settlement Amount to Simpluris Inc. in accordance with the Settlement Agreement.

12. The Court finds and determines that Service Fee payments in the amount of $10,000 to Plaintiffs Gerald Amador and Salvador Carrillo and in the amount of $20,000 to Plaintiff Miguel Lara are reasonable and shall be awarded as compensation for the work performed and risks taken on behalf of the Settlement Class(es) as Class Representatives in accordance with the Settlement Agreement.

13. The Court hereby finds that the distribution plan set forth in the Settlement Agreement fairly and adequately addresses settlement administration and ensures fair allocation of the Total Settlement Amount amongst all members of the Settlement Class.

14. In accordance with Paragraph 69 of the Settlement Agreement, Trimac shall transmit to the Settlement Administrator the Total Settlement Amount, less any amounts advanced to the Settlement Administrator, within seven (7) days of the Final Effective Date (defined in Paragraph 14 of the Settlement Agreement), which will be used to pay: (a) the Individual Settlement Amounts for all Settlement Class Members; (b) the total amount of Service Fees to Class Representatives, as approved by the Court; (c) all settlement administration costs; (d) the PAGA payment; (e) Trimac's share of payroll taxes due on the distribution; and (f) the total amount of Class Counsel's attorneys' fees and litigation expenses approved by the Court.

15. Within ten days of receiving the Total Settlement Amount less amounts advanced to the Settlement Administrator, the Settlement Administrator, in accordance with Paragraphs 70 and 71 of the Settlement Agreement, shall: (a) issue payments to Settlement Class Members and to the proper taxing authority or authorities for the employer's share of any payroll taxes; (b) issue checks to the Class Representatives in the amounts set forth herein; (c) issue checks to Class Counsel totaling $982,910.57 for attorneys' fees and litigation expenses, (d) issue the $7,500 PAGA payment to the LWDA; and (e) pay all remaining settlement administration costs.

16. As of the Final Effective Date of the Settlement Agreement, all of the Released Claims of each Settlement Class Member who did not timely opt out, as well as the Class Representatives' Released Claims, are and shall be deemed to be released as against Trimac and the Released Parties. As of the date of this Final Judgment and Order, all Settlement Class Members who did not timely opt out are bound by the Final Judgment and Order, and the Settlement. Except as to such rights or claims that may be created by the Settlement, all Settlement Class Members who did not timely opt out are hereby forever barred and enjoined from commencing or prosecuting any of the claims, either directly, representatively or in

any other capacity, that are released by the Settlement against Trimac or any of the Released Parties. Neither the Parties nor any Settlement Class Member(s) may litigate or otherwise reopen issues resolved by this Final Judgment and Order, or included within the Released Claims.

17. Neither the Settlement nor any of the terms set forth in the Settlement Agreement constitute an admission by Trimac, or any of the Released Parties, of liability to the Plaintiffs or any Settlement Class Member, nor does this Final Judgment and Order constitute a finding by the Court of the validity of any of the claims alleged in the Action, or of any liability or other wrongdoing of Trimac or any of the Released Parties. Further, the Settlement is not a concession and shall not be used as an admission of any wrongdoing, fault or omission of any entity or persons; nor may any action taken to carry out the terms of the Settlement be construed as an admission or concession by or against Trimac or any of the Released Parties. Evidence of the making or entering into the Settlement shall not be offered or received into evidence in any action or proceeding against any party hereto in any Court or other tribunal for any purpose, other than to enforce this Final Order and Judgment, or the Settlement, or to support a defense by Trimac or the Released Parties of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction.

18. The Court hereby grants final approval of the Settlement and, in accordance with the terms of the Settlement, hereby enters judgment approving the terms of the Settlement and ordering that the Action is hereby dismissed, with prejudice, on a class-wide basis, in accordance with the Settlement. The Complaints are dismissed on the merits, with prejudice. The Class Representatives' Released Claims, as set forth in the Settlement, are dismissed on the merits, with prejudice.

19. The Court reserves and retains exclusive and continuing jurisdiction over the above-captioned matter, the Class Representatives, the Settlement Class, Defendants, counsel, and the Claim Administrator for the purposes of supervising

the implementation, effectuation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.

20. Class Counsel shall obtain from the Settlement Administrator a declaration of payment showing proof of payments made pursuant to the Settlement Agreement and file the declaration on or before September 3, 2013.

DATED: 7/5 , 2013

_____
George H. King
Chief United States District Judge